SKYYWALKER RECORDS, INC., Luther Campbell, Mark Ross, David Hobbs, and Chris Wongwon, Plaintiffs,

v.

Nicholas NAVARRO, Defendant.

No. 90–6220–CIV–JAG.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

July 31, 1990.

Bruce Rogow, Fort Lauderdale, Fla., Allen Jacobi, Jacobi & Jacobi, North Miami, Fla., for plaintiffs.

John Jolly, Jr., Shailer, Purdy & Jolly, Fort Lauderdale, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the various motions of the parties.

On June 6, 1990, this court entered its final order reflecting its findings of fact and conclusions of law after the nonjury trial. Judgment was also entered.

The plaintiffs, Skyywalker Records, Inc., *et al.* (Skyywalker), filed their motion for attorneys' fees and costs on June 27, 1990. To date, the defendant, Nicholas Navarro (Navarro), has failed to file a timely response to the motion. *See* S.D.Fla.L.R.C. 10(C).

Navarro filed a motion for costs and a "statement of costs" on July 10, 1990. By timely response dated July 16, 1990, Skyywalker objected to the relief sought. Navarro did not file a reply, but chose to move for an enlargement of time to file his motion for costs under Federal Rule 6(b).

Navarro's application for a cost award is untimely. Local Rule of Court 10(F) is quite clear:

> Motions to tax costs and claims for attorneys' fees authorized to be claimed in accordance with law in actions or proceedings shall be filed by the parties, where appropriate, no later than thirty (30) days following the entry of final judgment or other final dispositive order, if any.

Judgment was entered on June 6, 1990 and any application for a cost award was required to be filed no later than July 9, 1990. *See* S.D.Fla.L.R.C. 10(F); Fed.R.Civ.Pro. 6(a).

However, the defendant's motion for an enlargement of time is meritorious. Navarro's application for costs was filed only one day late. The defendant's attorney alleges excusable neglect in that he failed to appreciate the thirty day limitation. Skyywalker is correct in pointing out that this court's final order explicitly cautioned the parties to adhere to the time limitations for requesting cost awards under the Local Rules of Court. Moreover, the plaintiff's motion for attorneys' fees and costs was filed on June 27, 1990, which should have given the defendant a second warning of the impending deadline.

Nonetheless, Federal Rule 6(b) allows for an enlargement of time for excusable neglect. The defendant has meet this standard. The thirty day period in the Local Rule is not jurisdictional or the type of motion excluded from possible enlargement under the rule.

Therefore, the court shall consider the defendant's motion. Because of this court's ruling on the obscenity claim, Navarro is a prevailing party. The court cannot, however, grant all the relief sought.

This court's final order of June 6, 1990 explicitly required any movant for costs to include "all appropriate factual and legal argument to support the request for an award." The defendant's motion and statement lack any citation to legal authority for an award of costs. The defendant also failed to comply with 28 U.S.C. § 1920, which requires a movant to file a bill of costs.

Nonetheless, the motion for witness and service fees appears proper under 28 U.S.C. §§ 1920(1), 1821, with one exception. The court shall not allow the cost request for $84 incurred from the "Lang Detective Agency" as the defendant has failed to offer any factual or legal support for this expense. The request for an award of deposition costs also is allowable under 28 U.S.C. 1920(2) as the costs sought appear to be have been reasonably necessary to the defense of the obscenity claim. As demonstrated in the defendant's memorandum, the depositions of the plaintiffs' experts, Long, Leland, Baker, and Haber were needed on the issue of the artistic merit of *As Nasty As They Wanna Be*, a mandatory element of the test enunciated in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

Finally, the court finds that the expert witness fees sought for monies paid to John Leland and Carlton Long in the sum of $1,275 are not allowable. Section 1920(3) allows reimbursement for witness' fees. However, section 1821 sets a limit on the amount of monies to be paid to a witness, regardless of expert status. Under the statute, the court shall allow the sum of $30 for each witness. This amount represents the per diem allowed by section 1821. Travel and lodging expenses may also have been incurred, but the defendant chose to forego this court's direction and did not present any factual basis for such costs.

Accordingly, judgment shall be entered in favor of the defendant Navarro in the total sum of $1,820.49, representing a partial award of the costs sought.

The plaintiff Skyywalker also seeks an award of costs and, additionally, an award of attorneys' fees. Because of this court's ruling in its June 6, 1990 order, Skyywalker is a prevailing party for purposes of both 28 U.S.C. § 1920 and 42 U.S.C. § 1988. The civil rights fee shifting statute allows

a reasonable attorneys' fee to be included in a cost award for an action brought under 42 U.S.C. § 1983.

The plaintiffs' request for costs in the sum of $556.50 is allowable in whole. The clerk's fee for filing the action; the deposition of Mark Wichner, the critical witness on the prior restraint issue; and the witness fees of Wichner, Cobb, Hines, and Paul are all proper under 28 U.S.C. § 1920.

Skyywalker also seeks an award of attorneys' fees. Bruce Rogow, an attorney in Fort Lauderdale and faculty member of the Nova University Law School, and Allen Jacobi of the North Miami law firm of Jacobi & Jacobi, P.A. represented the plaintiffs.

The initial step is to calculate the lodestar amount. Rogow seeks to recover for 82.5 hours of work at $225 per hour. Jacobi has billed 16.6 hours at $170 per hour. Skyywalker has filed the affidavits of William Amlong and David Lipman, who attest to the reasonableness of the requested fee and time worked. Moreover, the movant has submitted billing records that reflect the tasks performed.

The court finds the lodestar amount to be as follows: (a) for attorney Rogow, an hourly fee of $200 multiplied by 82.5 hours for a subtotal of $16,500, (b) for attorney Jacobi, an hourly fee of $170 per hour for 16.6 hours of work equalling $2,822, and (c) a total of $19,322. Specifically, considering the limited factual information presented in the motion, the court's knowledge of Mr. Rogow, and the prevailing billing rate in Fort Lauderdale, the court believes the billing rate of $225 is not reasonable.

The next step is to determine whether any changes should be made to the lodestar amount of $19,322. *See, e.g., Florida Pawnbrokers and Secondhand Dealers Ass'n, Inc. v. City of Fort Lauderdale,* 711 F.Supp. 1084 (S.D.Fla.1981).

■ The first factor is the novelty and difficulty of the questions presented. This case involved a novel claim of whether the defendant's conduct, as Sheriff of Broward County, constituted an improper prior restraint on constitutionally protected speech. The fact that the Sheriff had obtained a probable cause order from a state judge combined with the informal nature of the warnings to record store operators was unique and not within the factual confines of any previous legal decision. This factor justifies an enhancement of the fee award by ten percent.

The second, third, and fourth factors are the experience, reputation, and ability of the attorney; and the skill required to perform the legal task professionally. Because of the paucity of facts in the motion, these considerations justify a change in the lodestar. Moreover, the fee rate incorporates these considerations.

■ The fifth factor is the amount involved and the results obtained. The plaintiffs' suit involved the valuable and equally fragile right to be free from prior restraints of presumptively protected speech. By this court's ruling entered on June 6, 1990, Skyywalker obtained a permanent injunction prohibiting Sheriff Navarro from continuing informal censorship of *As Nasty As They Wanna Be.* Careful analysis of this factor justifies an additional ten percent enhancement of the fee request.

The court has also considered the remaining *Johnson* factors: the undesirability of the case and the preclusion of other employment due to the acceptance of the representation; the nature and length of the professional relationship with the client; the awards in similar cases; and time limitations imposed on the attorney by the client and/or the case. While some of the factors are relevant such as the fact that the plaintiffs' attorney had to expedite preparation to move for a preliminary injunction, none of these justify a change, upward or downward, of the fee request.

Accordingly, having considered the motions, and the record in this cause, it is hereby

ORDERED AND ADJUDGED as follows:

(1) The defendant Navarro's motion to tax costs shall be treated as a bill of costs and shall be GRANTED IN PART AND DENIED IN PART. The defendant's motion for enlargement of time shall be GRANTED and the defendant's motion to tax costs shall be accepted by the Clerk of the Court as timely filed.

Judgment shall be entered in favor of Navarro in the sum of $1,820.49. However, judgment shall not be entered on this sum by separate order as the court shall offset this amount by the award to the plaintiffs below.

(2) The plaintiffs' motion for an award of costs shall be treated as a Bill of Costs and a motion for an award of attorneys' fees pursuant to section 1988 and shall be GRANTED IN PART AND DENIED IN PART.

Judgment shall be entered in favor of the plaintiffs Skyywalker in the sum of $556.50 for non-attorney fee costs.

Judgment shall be entered in favor of Skyywalker on the issue of attorneys' fees recoverable under section 1988. The lodestar amount is $19,322. With the total fee enhancement of 20%, the modified lodestar is $23,186.40. When added to the judgment for non-attorney fee costs and when the cost judgment in favor of Navarro is deduced, the total amount recoverable equals $21,922.41.

Therefore, judgment shall be entered in favor of Skyywalker in the total sum of $21,922.41 by separate order.

DONE AND ORDERED.