**Heidi D. MATTSON, Plaintiff, Appellant,**

v.

**BROWN UNIVERSITY, etc., Defendant, Appellee.**

**No. 90–1377.**

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1991.

Decided Feb. 12, 1991.

---

Thomas A. Di Lugio for plaintiff, appellant.

Jeffrey S. Michaelson with whom Julius C. Michaelson, Michaelson and Michaelson, and Beverly E. Ledbetter, Gen. Counsel, Brown University, were on brief for defendant, appellee.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Plaintiff, Heidi D. Mattson, a student at defendant Brown University, shared a dormitory shower stall with an unidentified male student. There was evidence that when they first entered the bathroom it was being cleaned by one Irene Holloway. Holloway testified that they were laughing, and made "so much noise in the shower I said to myself, 'What are them two doing in there?' and finally they came out and I saw all the blood and I said, 'What happened to you?' and she said, 'I cut my arm on the soap dish.'" For this injury, plaintiff brought suit. The jury found for defendant and plaintiff appeals, alleging error in the instructions. We affirm, but remand as to costs.

The soap dish was a combination of a recessed dish and a hand-hold. Holloway testified that after plaintiff left she checked in the shower and found the hand-hold on the floor and the dish broken, with shreds also on the floor. It was plaintiff's contention that although she had not noticed it, the break had preceded her entry; that Holloway should have seen it, and that defendant was bound by what she should have seen. Holloway's testimony was that she had cleaned the shower immediately before the plaintiff used it and that nothing was broken.

■ Pursuant to the rule, the court, prior to argument, informed counsel of its proposed jury instructions, including the following:

> Since a corporation can act only through its officers, employees, or other agents, knowledge or information *communicated* to an employee is considered to be knowledge or information possessed by the corporation. (Emphasis ours.)

Plaintiff requested, at the conference, that this "be replaced," or that, in the alternative, there be added the following:

Since a corporation can act only through its officers, employees, or other agents, knowledge or information that an officer, employee or other agent knew or should have known through the exercise of reasonable care, is considered to be knowledge or information possessed by the corporation. (Hereinafter the additional instruction.)

The court refused. However, when it came to the charge itself, in addition to its proposed instruction the court charged as follows:

Defendant has a duty to use reasonable care to protect against risks creating a dangerous condition on its premises, provided the Defendant knows of the condition, or by the exercise of reasonable care, would have discovered the condition....

One test that is helpful in determining whether or not a person was negligent is to ask and answer whether or not, if a person of ordinary prudence had been in the same situation as the Defendant, with the knowledge that Defendant possessed or should have possessed through the exercise of ordinary or reasonable care, he would have foreseen or anticipated that someone was likely to be injured by or as a result of his action or inaction. If such a result from certain conduct would be foreseeable by a person of ordinary prudence with like knowledge, in a like situation, and if the conduct reasonably could be avoided, then not to avoid it would be negligence.

Following the charge, the court called for objections at the side bar. Plaintiff stated her rights were "already preserved." The court said, No; that the First Circuit Court seems to think that a later objection must be made in order that the court could correct its error.[1] Thereupon, plaintiff recorded her objection to the court's failure to give the additional instruction, *ante.* However, she said nothing further.

Following the verdict for defendant, plaintiff moved for a new trial, claiming, for the first time, error in the court's proposed, and given, instruction, *ante.* On appeal she repeats this complaint. She contends that the word "communicate" in that instruction is limited to actual words, so that "the only plausible way that the jury could find that Brown University *knew* that there was a broken soap dish in the second floor women's shower of Miller Hall was if someone *told* an employee of Brown that the soap dish was broken." (Emphasis in original).

We do not reach the highly questionable merit of this contention. Objections to the charge must be made at the time of its conclusion. Not only does Fed.R.Civ.P. 51 so provide, including an obligation to state "distinctly the matter objected to and the grounds of the objection," but in this instance the court had called the time requirement to counsel's attention. Counsel's only response was, "[Y]ou failed to give our instruction as we have presented it earlier." Passing the fact that this was not adequate specificity, *see, e.g., CVD, Inc. v. Raytheon Co.,* 769 F.2d 842, 859 (1st Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986), the earlier presentation, see *ante,* was that, if the court would not replace the court's proposed instruction, it give plaintiff's additional one. This was not an objection to what the court *did* give, as now complained of. The statement in plaintiff's brief, "Fol-

---

1. Our view that this is one of the reasons for the requirement in Fed.R.Civ.P. 51 that objections to the charge be made at its conclusion, *e.g., Transnational Corp. v. Rodio & Ursillo, Ltd.,* 920 F.2d 1066, 1069 (1st Cir.1990), is in no way idiosyncratic. *Accord, e.g., Cohen v. Franchard Corp.,* 478 F.2d 115, 122 (2d Cir.), *cert. denied,* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 106 (1973); *McAdam v. Dean Witter Reynolds, Inc.,* 896 F.2d 750, 769 n. 29 (3rd Cir.1990); *Richmond v. Madison Management Group, Inc.,* 918 F.2d 438, 454 (4th Cir.1990); *Industrial Dev. Bd. of Section, Ala. v. Fuqua Indus.,* 523 F.2d 1226, 1238 (5th Cir.1975); *Gradsky v. Sperry Rand Corp.,* 489 F.2d 502, 503 (6th Cir.1973); *Graham v. Sauk Prairie Police Comm'n,* 915 F.2d 1085, 1106 n. 15 (7th Cir.1990); *Tinnon v. Burlington N.R.R. Co.,* 898 F.2d 1340, 1343 (8th Cir.1990); *Benigni v. City of Hemet,* 868 F.2d 307, 310 (9th Cir.1988); *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.,* 738 F.2d 1509, 1514 (10th Cir. 1984), *aff'd,* 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985); *Landsman Packing Co. v. Continental Can Co.,* 864 F.2d 721, 726 (11th Cir.1989); *Graham v. Davis,* 880 F.2d 1414, 1420 (D.C.Cir.1989).

lowing the Court's Instructions to the jury, counsel was heard at bench and objected to the agency *instructions given by the Court"* (emphasis supplied) is simply not so. There is no basis for this appeal.

 With respect to costs, plaintiff has a point. Defendant filed its bill of costs late, unless it could count the three extra days provided by Fed.R.Civ.P. 6(e). The court held in defendant's favor. This was error; the rule was not applicable. *Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1181 (8th Cir. 1975) (Rule 6(e) does not extend time for notice of appeal because time runs from entry of judgment, not service); *Clements v. Florida East Coast R.R. Co.,* 473 F.2d 668, 670 (5th Cir.1973) (Rule 6(e) does not extend time for compliance with 90–day court order for costs); *Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir.1972) (per curiam) (Rule 6(e) does not extend time for filing Rule 52 or 59 motions since time runs from entry of judgment); 2 *Moore's Federal Practice* ¶ 6.12 (2d ed.1990). The matter is remanded for the court to consider whether defendant may have the benefit of Rule 6(b)(2)'s, "excusable neglect." We hold, however, that mistaken reliance on Rule 6(e) could not be excusable neglect. Such a loose approach would open the gates.

Although plaintiff has succeeded on the issue of costs, this is insignificant compared with substantive liability. To appeal after having been advised of the need for specific, clear objection, yet having failed to make it, puts all concerned to unnecessary expense. Double costs on appeal, chargeable against plaintiff and counsel, jointly. *E.g., Cruz v. Savage,* 896 F.2d 626, 635 (1st Cir.1990) (double costs assessed against appellant's counsel personally for frivolous appeal); *Lisa v. Fournier Marine Corp.,* 866 F.2d 530, 532 (1st Cir.1989) (per curiam) (same).

*Remanded as to costs in district court, otherwise affirmed.*