Phyllis G. KYLE, Plaintiff–Appellee,

v.

CAMPBELL SOUP COMPANY,
Defendant–Appellant.

No. 92–16826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Jan. 4, 1994.

As Amended on Denial of Rehearing
April 8, 1994.

Kimberley A. Worley, Littler, Mendelson, Fastiff & Tichy, Sacramento, CA, for defendant-appellant.

Larry C. Larsen, Law Offices of Gregory D. Thatch, Sacramento, CA, for plaintiff-appellee.

Before: ALARCÓN, LEAVY and KLEINFELD, Circuit Judges.

ALARCÓN, Circuit Judge:

Campbell Soup Company appeals from the district court's order granting Phyllis Kyle an enlargement of time to file her motion for attorney's fees and the subsequent award of $50,446.75 in fees. We reverse the order granting the enlargement of time and the award of attorney's fees because the district court abused its discretion by finding that a mistake of law constitutes excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure.

I.

**Factual and Procedural Background**

On November 16, 1987, Phyllis Kyle filed suit against Campbell Soup Company, her employer, alleging sex discrimination in violation of Title VII and the California Fair Employment and Housing Act. She complained that she was assigned regular mechanic work and menial tasks instead of overhaul work that was performed by the man who previously held her position. Kyle asserted that she suffered "extreme humiliation, mental anguish, emotional distress and physical injury," amounting to one million dollars in damage. She also sought three

million dollars in punitive damages and an injunction enjoining Campbell Soup from discriminating on the basis of sex.

Following a bench trial, the district court found that Campbell Soup discriminated against Kyle and awarded her $5,000.00 for emotional distress. The district court also ruled that Kyle was entitled to an injunction prohibiting sex-based discrimination. The court entered its final judgment on May 21, 1992, and served this judgment upon Kyle by mail.

Kyle was required under Local Rule 293(a) of the United States District Court for the Eastern District of California to file any post-trial motion for attorney's fees within 30 days after the entry of final judgment. E.D. Local R. 293(a). The 30–day deadline fell on Saturday, June 20, 1992. By operation of Federal Rule of Civil Procedure 6(a) extending deadline dates which fall on weekends to the first following weekday, Kyle's deadline became Monday, June 22, 1992. *See* Fed. R.Civ.P. 6(a).[1] Instead, Kyle filed her motion for attorney's fees on Wednesday, June 24, 1992—two days after the deadline and 34 days after judgment had been entered.

After Campbell Soup's counsel phoned Kyle's attorney expressing an intent to oppose the attorney's fee motion on the basis that it was untimely, Kyle filed a motion for enlargement of the time to file the attorney's fee motion. Kyle's counsel explained that he had read Local Rule 293 and noticed that it referred to Local Rule 136, which states that "[t]he time periods fixed by these Local Rules shall be subject to F.R.Civ.P. 6(e)." E.D. Local R. 136. Under Federal Rule 6(e), three extra days to file motions are added "[w]henever a party has the right or is required to do some act or take some proceed-

ings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail." Fed.R.Civ.P. 6(e). Because the May 21, 1992 judgment had been served upon Kyle by mail, Kyle's counsel assumed that Rule 6(e) applied under the circumstances presented in this case. He mistakenly assumed that three extra days were to be added from Monday, June 22, 1992, his Rule 6(a) extended deadline, making his ultimate filing deadline Thursday, June 25, 1992. He thus believed that by filing on Wednesday, June 24, 1992, the motion was timely.

The district court concluded that Kyle's counsel had misinterpreted the Local Rules and misapplied Federal Rule of Civil Procedure 6(e), and that the motion was therefore untimely. Nevertheless, the district court granted Kyle's motion for time enlargement on the basis that these errors amounted to excusable neglect under Federal Rule of Civil Procedure 6(b).[2]

After reviewing materials submitted by the parties regarding the appropriate amount of fees, the district court awarded Kyle $50,-446.75. Pursuant to 42 U.S.C. § 2000e–5(j) and 28 U.S.C. § 1291, Campbell Soup filed a timely appeal from the order enlarging the time and the award of attorney's fees.

## II.

### Discussion

■ The district court correctly concluded that Kyle's motion for attorney's fees was untimely. Local Rule 293(a) states that motions for attorney's fees must be filed "not later than thirty (30) days *after entry of final*

---

1. Rule 6(a) states, in pertinent part:
 In computing any period of time prescribed or allowed ... by the local rules of any district court.... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

2. Rule 6(b) states:

 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

*judgment.*" E.D. Local R. 293(a) (emphasis added). Local Rule 136(a) and Rule 6(e) of the Federal Rules of Civil Procedure only enlarge the filing time when the period for acting runs from the *service* of a notice by mail. Therefore, Local Rule 136(a) and Federal Rule of Civil Procedure 6(e) do not apply in this case. *See Hatchell v. United States,* 776 F.2d 244, 246 (9th Cir.1985) (Rule 6(e) does not apply when the time for acting is designated from "the date of mailing" as opposed to "the service of notice" by mail); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1181 (8th Cir. 1975) (Rule 6(e) does not apply when the time for acting is designated from the "entry of judgment" as opposed to "the service of notice" by mail), *superseded on other grounds by* Fed.R.App.P. 4(a)(5). Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Kyle's deadline for filing was Monday, June 22, 1992. Kyle did not file until Wednesday, June 24, 1992. Her motion for attorney's fees was therefore untimely.

 We review a district court's finding of excusable neglect under Rule 6(b) for the untimely filing of a post-trial motion for abuse of discretion. *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). We must decide whether an attorney's mistake in adding three days for service by mail, under Federal Rule of Civil Procedure 6(e), to the time for a motion timed from "entry of final judgment" can amount to excusable neglect for purposes of allowing an enlargement of time.

The First Circuit resolved this issue in *Mattson v. Brown University,* 925 F.2d 529, 532 (1st Cir.1991). In *Mattson,* the trial court allowed the defendant to add three extra days to its filing period and held that its motion for costs was timely. *Id.* The First Circuit, however, determined that the trial court erred in its ruling, noting that Rule 6(e) does not extend a time period running from entry of judgment. The court remanded the matter to the trial court "to consider whether defendant may have the benefit of Rule 6(b)(2)'s, 'excusable neglect,'"

but held that "mistaken reliance on Rule 6(e) could *not* be excusable neglect." *Id.* (emphasis added). The court noted that "[s]uch a loose approach would open the gates." *Id.*[3]

Similarly, in this Circuit we have held that an attorney's mistaken belief that a notice of criminal appeal could be filed within 30 days did not constitute excusable neglect under Rule 4(b) of the Federal Rules of Appellate Procedure, even given the greater deference afforded to a district court's finding of excusable neglect in criminal cases. *United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211, 213 (9th Cir.1990); *see also Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 912–13 (7th Cir.1989) (lack of familiarity or understanding of the Federal Rules, except in rare circumstances, is not excusable neglect; denial of enlargement of time under Federal Rule of Appellate Procedure 4(a) affirmed); *Townsel v. County of Contra Costa,* 820 F.2d 319, 320–21 (9th Cir.1987) (ignorance of Rule 4(j) regarding time of service is not excusable neglect under Rule 6(b)); *Graham v. Pennsylvania R.R.,* 342 F.2d 914, 915–16 (D.C.Cir.1964) (lack of awareness of a change in a federal rule is not excusable neglect under Rule 6(b)), *cert. denied,* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965); *Diliberti v. United States,* 4 Cl.Ct. 505, 506–07 (1984) (mistaken belief that additional time was allotted for notice of appeal after service by mail is not excusable neglect).

Kyle cites *Skyywalker Records, Inc. v. Navarro,* 742 F.Supp. 638, 639 (S.D.Fla.1990), and *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985), in support of her contention that an attorney's mistake of law is excusable neglect. In *Skyywalker,* the district court granted a motion for enlargement of time to file a motion for costs on the basis that counsel "failed to appreciate" the 30–day limitation provided by the local rule involved. *Skyywalker,* 742 F.Supp. at 639. The court did not elaborate on what was meant by "failure to appreciate" or why counsel's mistake constituted "excusable neglect" under Rule 6(b).

---

**3.** The district court in this matter refused to follow what it characterized as *Mattson's* "point blank" holding that mistake of law regarding the applicability of Rule 6(e) could not constitute excusable neglect because it did not "happen to agree" with it.

Kyle's reliance upon *Wei* is also misplaced. We held in *Wei* that an attorney's inadvertence does not qualify as good cause under Federal Rule of Civil Procedure 4(j) for failure to comply with the requirements for service of process. *Wei,* 763 F.2d at 372. Thus, *Wei* supports our conclusion that the district court erred in the instant matter in concluding that an attorney's mistaken application of Rule 6(e) can excuse compliance with time limitations.

Kyle also attempts to support the district court's finding of excusable neglect by citing its application of some of the factors outlined by the Third Circuit in *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir.1988), for determining when excusable neglect has occurred. In *Dominic,* the district court excused the plaintiff's failure to comply with service of process requirements because of "confusion in the law over how to assert properly a claim over a third party defendant."[4] *Id.* at 515. Reviewing this holding, the Third Circuit enumerated "factors which are relevant to the evaluation of whether excusable neglect has occurred":

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence ... [,] 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.... [or 6) ] whether the enlargement of time will prejudice the opposing party.

*Id.* at 517. The court concluded that none of the factors listed above militated against a finding of excusable neglect in *Dominic* and

held that the district court had not abused its discretion in excusing the incomplete service. *Id.* at 517.

In this case, the district court found that counsel acted in good faith, that he had not demonstrated professional incompetence, and that Campbell Soup would not be prejudiced by allowing the time enlargement. Although these factors might support a finding of excusable neglect in a case involving different facts, we hold that they do not suffice where the only claimed neglect is an attorney's addition of three days for service by mail to a time period running from docketing of an order or judgment.

Finally, we note that the Supreme Court's recent decision in *Pioneer Inv. Servs. v. Brunswick Assocs.,* ‒‒ U.S. ‒‒, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), does not aid Kyle. In *Pioneer,* the Court concluded that where the notice given a party about a court-ordered filing deadline contains a " 'dramatic ambiguity' which could ... confuse[ ] '[e]ven persons experienced in bankruptcy,' " it would be error to conclude that, absent prejudice to the other party, failure to comply with the deadline was not excusable neglect. *See id.* at ‒‒, 113 S.Ct. at 1494.

By contrast, counsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were *not* ambiguous. *See* note 4, *supra.* This form of neglect was not excusable. Although the Court in *Pioneer* recognized that "excusable neglect" is a flexible, equitable concept, the Court also reminded us that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer,* ‒‒ U.S. at ‒‒, 113 S.Ct. at 1496. In this case, counsel has not presented a persuasive justification for

---

4. This can be contrasted with the "confusion" involved in this case. Here, the confusion is attributable to counsel's misunderstanding and misapplication of the Local Rules and the Federal Rules of Civil Procedure. There is nothing confusing about the rules themselves. Local Rule 293(a) clearly states that a motion for attorney's fees must be filed "not later than thirty (30) days after entry of final judgment." E.D. Local R. 293(a). Local Rule 293(a) also refers to Local Rules 230 and 136, however these references are not confusing. Local Rule 230 does not address

the timely filing of motions. Local Rule 136(a) adopts Federal Rule of Civil Procedure 6(e) providing three additional days for acting when the time allowed to act is within a prescribed period after service by mail. E.D. Local R. 136(a); Fed.R.Civ.P. 6(e). Local Rule 293(a) plainly states that the time for filing a motion for attorney's fees is 30 days after the entry of judgment. Therefore, Local Rule 136 and Federal Rule of Civil Procedure 6(e) do not apply to extend the filing period.

his misconstruction of nonambiguous rules. Accordingly, there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.

We conclude that the district court abused its discretion by finding that mistaken reliance upon Rule 6(e) amounted to excusable neglect in this matter. Accordingly, we REVERSE the order granting the time enlargement and VACATE the award of attorney's fees.

## ORDER

### April 8, 1994

The opinion filed January 4, 1994, is amended as follows:

With this amendment, the court votes unanimously to deny the petition for rehearing.

Judge Leavy and Judge Kleinfeld vote to deny the suggestion for reconsideration en banc. Judge Alarcon recommends that the suggestion for rehearing en banc be denied.