Environamics v. Thelco                    CV-96-068-M    08/25/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Environamics Corporation,
     Plaintiff

     v.                                            Civil No. 96-68-M

Thelco Corporation,
     Defendant

**O R D E R**

Environamics Corporation moves to extend the time in which it may file an appeal from the jury's verdict.  Defendant objects.

On November 20, 1998, the jury returned its verdict in this case, finding for Environamics on its breach of contract claim and for Thelco on its counterclaim for negligent misrepresentation.  The court granted defendant's motion for judgment in accord with special jury verdicts, and denied plaintiff's renewed motion for judgment as a matter of law or for a new trial.  The court then partially granted defendant's motion to quantify the jury's verdict.  Judgment was entered on June 1, 1999.  On July 2, 1999, Environamics filed a notice of appeal.

Having apparently been informed that defendant intended to challenge the timeliness of its appeal, plaintiff now seeks a protective extension of time to file its appeal under Federal Rule of Appellate Procedure 4(a)(5), arguing that while it is

satisfied that its appeal was timely filed, an extension would eliminate any issue of timeliness.

Rule 4(a)(5) provides in part:

(A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) that party shows excusable neglect or good cause.

Federal Rule of Appellate Procedure 4(a)(1)(A), in turn, provides that, except in circumstances not relevant here, a notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." So, plaintiff's notice of appeal, filed 31 days after entry of judgment, would seem to be untimely. But, its motion for extension of time, filed on July 15, 1999, was filed within thirty days of the expiration of the time for appeal. Subpart (i) of Fed.R.App.P. 4(a)(5)(a) is, therefore, satisfied and plaintiff must now show "excusable neglect or good cause." Fed.R.App.P. 4(a)(5)(A)(ii).

Plaintiff's counsel explain that, relying on Fed.R.App.P. 4(a)(1)(A) and the "District of New Hampshire Time Computation Guidelines," they thought about the time available to file an appeal and calculated that Environamics actually had 33 days to file its notice of appeal. And, because the Independence Day holiday was celebrated on July 5, they determined that the appeal

2

period expired on July 6, 1999. Thus, plaintiff contends that its July 2 notice of appeal was timely.

Plaintiff is mistaken. Federal Rule of Appellate Procedure 4(a)(1)(A) unequivocally establishes a 30-day period from the entry of judgment in which to file a notice of appeal. Plaintiff's counsel argue, however, that according to the "District of New Hampshire Time Computation Guidelines," they had, or reasonably thought they had, three extra "mail" days in which to file the notice of appeal. The referenced "Time Computation Guidelines" are set out in materials prepared by the court clerk's office and distributed at a seminar for lawyers' secretaries and support staff. Those materials advise, in part, that "[i]f the initial time period is figured using calendar days (11 days or over), add 3 extra <u>calendar</u> days."

The "Guidelines" cannot be read, however, to extend the time for filing a notice of appeal. Indeed, the "Guidelines" pointedly reference Fed.R.Civ.P. 6(a) and (e), Fed.R.Crim.P. 45(a) and (e), and LR 7.1(b). Those rules add three days to prescribed time periods that run from the date of service of some paper on a party. Federal Rule of Civil Procedure 6(e), for instance, provides:

> **Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings <u>within a prescribed period after</u>

> *the service of a notice or other paper upon the party*
> and the notice or paper is served upon the party by
> mail, 3 days shall be added to the prescribed period.

(Emphasis added.) The appeal period established by Fed.R.App.P.
4(a)(1)(A) does not begin to run from the date of service of some
paper on a party, but from the court's entry of judgment. Thus,
procedural rules allowing an extra three "mail" days are, by
their own terms, not applicable to the time for filing a notice
of appeal. See, e.g., Reynolds v. Hunt Oil Co., 643 F.2d 1042,
1043 (5th Cir. 1981)("The law is clear that the 30-day filing
requirement of Fed.R.App.P. 4(a) is not affected by . . .
Fed.R.Civ.P. 6(e)."); Merrill Lynch, Pierce, Fenner & Smith, Inc.
v. Kurtenbach, 525 F.2d 1179, 1181 (5th Cir. 1975)("Rule 6(e) has
no application when computing time for a notice of appeal.");
Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir. 1975)(same);
cf. Wyzik v. Employee Benefit Plan of Crane Co., 663 F.2d 348,
349 (1st Cir. 1981)(holding, citing Reynolds v. Hunt Oil Co.,
that "[a]ppellant's argument that [Fed.R.App.P.] 26(c) extends
the time for filing a notice of appeal under [Fed.R.App.P.
4(a)(1)] is incorrect."). And, the referenced "Time Computation
Guidelines" cannot have misled even a casual reader, for they
specifically warn of exactly that distinction: "*These guidelines
may not apply to deadlines established by other Federal Rules,*

4

e.g., <u>Fed.R.Civ.P. 54(d)(2)(B) provides for filing by a date 'no later than 14 days after entry of judgment.'"</u>  (emphasis added)

Plaintiff argues that even if its notice of appeal was not timely filed, that untimeliness was nevertheless due to "excusable neglect" or "good cause, permitting a discretionary extension of time."  The good cause portion of Fed.R.App.P. 4(a)(5)(A)(ii) is not applicable here, because "[w]here the need for an extension of time to file a notice of appeal results entirely from neglect attributable to the would-be appellant, as distinguished from forces beyond her control, amended rule 4(a)(5) requires a showing of 'excusable neglect.'" <u>Pontarelli v. Stone</u>, 930 F.2d 104, 111 (1st Cir. 1991); <u>see</u> <u>also</u> <u>Virella-Nieves v. Briggs & Stratton Corp.</u>, 53 F.3d 451 (1st Cir. 1995)(holding good cause not an appropriate ground for extension of time to file an appeal where failure to timely file was due to neglect). Plaintiff's counsel does not contend that an untimely filing was due to circumstances beyond their control, but candidly attribute their filing on July 2 to counsels' own thoughtful construction of the applicable rules, or, in other words, if the appeal was late, it was late due to counsels' own mistake, which mistake constitutes "excusable neglect."  Thus, the issue is governed by the "excusable neglect" prong of Fed.R.App.P. 4(a)(5)(A)(ii).

5

In determining whether excusable neglect has been shown, the court is necessarily guided by the Supreme Court's decision in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). See Virella-Nieves, 53 F.3d at 454 n.3 ("agree[ing] with the Tenth Circuit that Pioneer's exposition of excusable neglect, though made in the context of late bankruptcy filings, applies equally to Fed.R.App.P. 4(a)(5)"). In Pioneer, the Supreme Court held that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395 (footnote omitted). Relevant circumstances include "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

In this case, the risk of substantive prejudice to defendant in allowing the extension is slight. Although defendant would have to defend an otherwise precluded appeal, that does not constitute "prejudice" for purposes of this inquiry. See Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997)("Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we

6

do not think that is the sense in which the term 'prejudice' is used in Pioneer."). No other potential prejudice (e.g., lost transcripts) appears to be present. See id. The length of the delay in this case - one day - is certainly minor, and it is reasonably clear that a one day delay would not have any adverse impact on appellate proceedings, given the usual course of briefing and argument. Finally, plaintiff has acted in good faith. These factors all weigh in favor of granting an extension.

The remaining factor, however - "the reason for the delay, including whether it was within the reasonable control of the movant," Pioneer, 507 U.S. at 395 - weighs very heavily against granting plaintiff's motion. The failure to timely file the notice of appeal was due to plaintiff's counsels' own misreading or misapplication of applicable rules of procedure. The rules themselves are not ambiguous, cf. Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. 1994) (noting that "counsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were not ambiguous"), and extensive case law existed that should have alerted counsel that their interpretation of the rules was erroneous, see e.g., Wyzik, 663 F.2d 348, Reynolds, 643 F.2d 1042; Kurtenbach, 525 F.2d 1179; Lashley, 518 F.2d 749. The

Fifth Circuit noted, in a similar case, that "[t]he nature of [the party's] mistake weighs heavily against a finding of excusable neglect."  Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465 (5th Cir. 1998), cert. denied, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999)(party sought extension of time to file appeal where Fed.R.Civ.P. 59(e) motion, which counsel mistakenly thought he had three extra days to file under Fed.R.Civ.P. 6(e), was untimely and therefore did not toll appeal period).

Even after Pioneer relaxed the excusable neglect standard, most courts have consistently held that a lawyer's misapplication of unambiguous procedural rules cannot constitute "excusable neglect."  See, e.g., id. at 470 ("Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable."); Kyle, 28 F.3d at 931 (finding neglect inexcusable because counsel's good faith and professional competence and the absence of prejudice to the nonmoving party "do not suffice where the only claimed neglect is an attorney's addition of three days for service by mail to a time period running from docketing of an order of judgment").  But cf. Maberry v. Said, 1996 WL 442046, at *3 (D. Kan. July 3, 1996)(noting that "certain mistakes construing the rules are excusable" and holding excusable, "[a]lthough an exceedingly close call," plaintiff's counsel's confusion over

8

whether the period for filing a motion for attorneys' fees under Fed.R.Civ.P. 54 started from the entry of judgment or the ruling on post-trial motions). The Eleventh Circuit has gone so far as to hold, "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997). The First Circuit has not addressed the issue post-Pioneer, but has previously held that "mistaken reliance on [Fed.R.Civ.P.] 6(e) could not be excusable neglect." Mattson v. Brown Univ., 925 F.2d 529, 532 (1st Cir. 1991).

The reason advanced for the delay in this case – counsels' misinterpretation of unambiguous rules and concomitant miscalculation of the last day on which an appeal could be taken – outweighs the absence of prejudice to defendant, the minimal length of the delay, and the plaintiff's good faith. Thus, the delay cannot be ascribed to "excusable neglect," as that term is properly understood, and so plaintiff's motion to extend time to file appeal (document no. 90) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 25, 1999

cc:  Michael C. Harvell, Esq.
     Laurin D. Quiat, Esq.
     Rosemary A. Macero, Esq.
     United States Court of Appeals