**Ken TIPTON, Plaintiff—Appellant,**

v.

**INTERNET ENTERTAINMENT GROUP, INC., a corporation; et al., Defendants—Appellees.**

**No. 03–55023.**

**D.C. No. CV–98–07520–R.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Ken Tipton appeals the district court's order denying his motion for an extension

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of time in which to file a notice of appeal pursuant to Federal Rule of Civil Procedure 4(a)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion whether a party has shown excusable neglect in failing to file a timely notice of appeal. *See United States v. Green,* 89 F.3d 657, 660 (9th Cir.1996).

The district court did not abuse its discretion by determining that Tipton's attorney's mistaken belief that the time period for appeal begins to run upon notice of entry of judgment rather than upon entry of judgment does not constitute excusable neglect. *See Kyle v. Campbell Soup Co.,* 28 F.3d 928, 931 (9th Cir.1994).

Contrary to Tipton's contention, the district court did not abuse its discretion by refusing to consider other factors, as outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See Kyle,* 28 F.3d at 931 (recognizing that although *Pioneer* interprets excusable neglect as a "flexible, equitable concept," an attorney's misinterpretation of a clear and unambiguous federal rule generally does not constitute excusable neglect).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.