NOT FOR PUBLICATION

FILED

JUL 03 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANTIA HASSANSHAHI,

    Plaintiff-Appellant,

    v.

DRUG ENFORCEMENT
ADMINISTRATION; FEDERAL
BUREAU OF INVESTIGATION;
UNITED STATES DEPARTMENT
OF JUSTICE; U.S. DEPARTMENT
OF HOMELAND SECURITY;
UNITED STATES OF AMERICA;
UTTAM DHILLON, in his
official capacity as Acting DEA
Administrator; WILLIAM P. BARR,
Attorney General, in his official
capacity as Attorney General; KEVIN
McALEENAN, in his official capacity
as Acting Secretary, Department of
Homeland Security; CHRISTOPHER
A. WRAY, Director of the Federal
Bureau of Investigation; DOES 1-10,

    Defendants-Appellees.

No. 17-56508

D.C. No. 2:17-cv-00377-R-JPR

MEMORANDUM[*]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted June 12, 2019[**]
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Shantia Hassanshahi appeals the district court's order granting the motion to dismiss[1] filed by the United States, United States Drug Enforcement Administration, and others[2] (hereafter collectively, DEA). We affirm.

Hassanshahi asserts that the district court abused its discretion when it denied his late motion to extend the filing deadline for his opposition to the motion to dismiss,[3] and thereafter treated his failure to file the opposition as consent to the

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]*See* Fed. R. Civ. P. 12(b)(1).

[2]Those are: the Federal Bureau of Investigation (FBI); the Department of Justice (DOJ); the Department of Homeland Security (DHS); Uttam Dhillon, in his official capacity as Acting DEA Administrator; Christopher A. Wray, in his official capacity as Director of the FBI; William P. Barr, in his official capacity as Attorney General; and Kevin McAleenan, in his official capacity as Acting Secretary of DHS. Public officers sued in their official capacities are automatically replaced by their successors. Fed. R. Civ. P. 25(d).

[3]*See* C.D. Cal. R. 7-9. His motion was filed a week after the deadline passed.

granting of the motion to dismiss.[4] We disagree. A motion to extend time after a filing deadline has passed may be granted upon a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92, 395, 113 S. Ct. 1489, 1496, 1498, 123 L. Ed. 2d 74 (1993). We agree with the district court that Hassanshahi failed to present a basis that would justify his failure to timely file his motion to extend time. *See Petrone v. Veritas Software Corp. (In re Veritas Software Corp. Sec. Litig.)*, 496 F.3d 962, 973–74 (9th Cir. 2007); *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994); *cf. Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). We note, by the way, that Hassanshahi failed to plead claims on which he could prevail.[5]

AFFIRMED.

---

[4]*See* C.D. Cal. R. 7-12.

[5]Because his failures are dispositive, we need not and do not address the other issues he raises on appeal.