William W. BRYDGES, Plaintiff–Appellant,

v.

Samuel A. LEWIS, Director, Defendant,

and

D. Gonzales, Warden, et al., Defendants–Appellees.

No. 92–17077.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 1993 *.

Memorandum June 8, 1993.

Order and Opinion March 9, 1994.

William W. Brydges, pro se, Goodyear, Arizona, for the plaintiff-appellant.

Bruce L. Skolnik, Assistant Attorney General, Tucson, Arizona, for the defendants-appellees.

Before: HUG, WIGGINS and THOMPSON, Circuit Judges.

## ORDER

The memorandum disposition filed in this matter on June 8, 1993, 995 F.2d 230, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

William W. Brydges, an Arizona state prisoner, appeals pro se the district court's order granting appellees' motion for summary judgment and dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant of summary judgment. *Hopkins v. Andaya*, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). A district court may not grant a motion for summary judgment simply because the non-moving party does not file opposing material, even if the failure to oppose violates a local rule. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir.1993) ("[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed. R.Civ.P.] 56, hence impermissible under [Fed.R.Civ.P.] 83."). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. *Id.*

Here, the district court warned Brydges that failure to respond to the motion for summary judgment "shall constitute a

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

consent on the part of [Brydges] to the granting of the defendants' motion pursuant to Local Rule 11(i)." [1]  Local Rule 11(i) permits, but does not require, the district court to grant the motion for summary judgment when the nonmoving party fails to file a response. *See* D.Ariz.R. 11(i).

We conclude that because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment. *See Gill,* 983 F.2d at 950.

Upon due consideration, appellees' motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 is denied.

AFFIRMED.

---

1.  Local Rule 11(i) of the District of Arizona provides that "if the opposing party does not serve and file the required answering memoranda ... such noncompliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily." D.Ariz.R. 11(i).