46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty L. BENNETT, a single woman; Christina L. Fieldstad;
Tedd L. Fieldstad, wife and husband, Plaintiffs-Appellants,
and
Sharon F. Hires; Jessie K. Hires, wife and husband, et al., Plaintiffs,
v.
Fred A. TIDWELL; a single person; Educational Service
District, No. 113; Jane Doe Howard, Defendants-Appellees,
and
Duane Church; Jane Doe Church, husband and wife, et al., Defendants.
Betty L. BENNETT, a single woman; Christina L. Fieldstad;
Tedd L. Fieldstad, wife and husband, et al.,
Plaintiffs-Appellees,
v.
Duane CHURCH; Alan Nevitt; Geraldine Brooks; Harold
Anderson; John M. Howard; Gweneth Tjernberg; Carl
H. Snyder; Educational Service District,
Defendants-Appellants,
and
Fred A. Tidwell, a single person, Defendant.
 Nos. 93-35987, 93-36023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 7, 1994.
Submission Withdrawn: Nov. 1, 1994.
Resubmitted: Jan. 11, 1995.
Decided: Jan. 13, 1995.
 
 Before: WOOD,* HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, Betty L. Bennett, et. al., ("Bennett") appeal the district court's order granting summary judgment in favor of appellees, Fred A. Tidwell and the Board of Directors of Educational Service District, #113, ("ESD #113") on their claims under 42 U.S.C. Sec. 1983 and various state causes of action. We review de novo the district court's grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir. 1987).
 
 I. SECTION 1983 CLAIMS
 
 3
 Bennett argues the district court erred in granting summary judgment against her on her 42 U.S.C. Sec. 1983 claims. Summary judgment, however, is proper unless Bennett, as the non-moving party, can demonstrate a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing the record, we will draw all reasonable inferences in favor of Bennett, the non-moving party, to determine if such an issue exists. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).
 
 
 4
 Bennett asserts three distinct section 1983 claims. Initially, we note that Bennett has not contested the district court's ruling on her Freedom of Association claim, which was dismissed pursuant to Local Rule 7(b)(4) in the district court. We therefore affirm the district court's decision to dismiss that claim. See Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (district court has discretion to deem noncompliance as consent to motion when local rule merely permits rather than requires such action).
 
 
 5
 Bennett does appeal her remaining section 1983 claims of wrongful retaliation for engaging in protected First Amendment activity and invasion of privacy. To state a valid cause of action under section 1983, the plaintiff must plead that "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1313-14 (9th Cir. 1989). The parties do not dispute the existence of a state action and focus, instead, on the substantive elements of each claim.
 
 A. Wrongful Retaliation
 
 6
 The elements of a wrongful retaliation claim under the First Amendment are: "(1) the statement that brought on the retaliation is one of 'public concern;' (2) the constitutionally protected expression is a 'substantial' or 'motivational' factor in the [defendant's] adverse decision or conduct; and (3) the interests of the plaintiff in commenting on the matter of public concern outweigh the state's interest in maintaining efficient public services." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir. 1990) cert. denied, 112 S. Ct. 417 (1991). Where an employer or supervisor, acting under color of state law, retaliates against an employee for engaging in speech protected by the First Amendment, the employer has violated the employee's civil rights as protected by section 1983. See id. (noting potential liability of police department chief, captains, lieutenants and sergeants for retaliating against employee/officer who filed EEOC complaint).
 
 
 7
 The record reflects that Bennett engaged in numerous acts that could be characterized as matters of public concern. Likewise, Bennett has arguably established that the interests in commenting on these matters outweigh any state interests in maintaining efficient public services. We need not rule definitively on these issues, however, because Bennett has clearly failed to establish the second element of the wrongful retaliation claim. Bennett does not show that any of the alleged retaliation was motivated by her exercise of protected speech. The record provides no evidence Tidwell knew that any of the appellants was the author of the anonymous letter. As we explain below, there is no evidence that Tidwell used a listening device to unlawfully eavesdrop on employee conversations. Bennett has, at best, only established that some "retaliatory" acts incidentally occurred during periods of time in which persons unknown to Tidwell were engaging in exercises of free speech. A mere laundry list of protected speech on the one hand and arguably retaliatory acts over time on the other is insufficient to establish a wrongful retaliation claim absent some evidence showing that the retaliatory conduct was motivated by the protected speech. See Allen v. Scribner, 812 F.2d 426, 433 (9th Cir.), amended, 828 F.2d 1445 (1987). The correlation in time between protected speech and alleged retaliatory acts could be circumstantial evidence of a causal relationship, but any such circumstantial evidence in the present case is sufficiently weak that it fails to raise a genuine issue of material fact. Therefore, we conclude that the district court did not err in granting summary judgment on this claim as to Tidwell.
 
 
 8
 Bennett has likewise failed to establish the elements of this claim as to the Board of Directors of ESD #113. A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Liberty Lobby, 477 U.S. at 248. The only evidence of wrongful retaliation is a recommendation by a single board member to suspend Bennett for filing the instant lawsuit. This recommendation was never acted upon in any way by the Board of Directors, nor was Bennett even aware that the recommendation was made until well after the present lawsuit was brought. The evidence is insufficient to establish wrongful retaliation against Bennett. The district court, therefore, did not err in granting summary judgment in favor of the Board of Directors on this claim.
 
 B. Invasion of Privacy
 
 9
 Bennett hinges her claim for invasion of privacy on the Electronic Communications Privacy Act, 18 U.S.C. Sec. 2520 ("ECPA"). The ECPA allows private citizens to sue for damages resulting from the illegal interception of oral communications by means of an electronic, mechanical or other device. Bennett argues that a genuine issue of material fact exists as to whether Tidwell used a listening device to unlawfully eavesdrop on employee conversations and that the district court therefore erred in granting summary judgment on this issue.
 
 
 10
 Initially, Bennett argues that the district court erred in excluding as hearsay some proffered evidence on this issue. Because the declaration of Carla Ewen and Bennett's deposition testimony regarding Mary Christle's statements are statements by out-of-court declarants offered for the truth of the matters asserted therein, the district court did not err in excluding them as hearsay. See, e.g., Jacobsen v. Filler, 790 F.2d 1362, 1367 (9th Cir. 1986). Other statements, however, were improperly characterized as hearsay. These statements about various employees' suspicions that a device might exist because Tidwell seemed to have knowledge of things about which they did not tell him, even if otherwise admissible, have little probative value considering the contexts in which they are offered. Similarly, Bennett's deposition testimony that she once saw a small, black, electronic-looking thing on her lamp is of little probative value. There is no "device" of any sort in evidence and those statements and declarations that are not hearsay constitute, at best, extremely weak circumstantial evidence. Taking all reasonable inferences in favor of Bennett, no juror could reasonably conclude from the admissible evidence that a listening device existed. See Liberty Lobby, 477 U.S. at 248. We therefore conclude that the district court did not err in granting summary judgment on this claim.
 
 II. THE STATE CLAIMS
 
 11
 Following its Order on Motions, which disposed of the federal claims over which it had original jurisdiction, the district court issued an Order to Show Cause why it should not remand to state court those state claims remaining to be adjudicated. The parties agreed to "remand" the case to state court and counsel for Bennett apparently drafted an order to this effect while also purporting to certify under Fed. R. Civ. P 54(b) all of the rulings that were the subject of the district court's Order on Motions. The Order and Certification created a procedural conundrum, leaving the parties to the appeal under the impression that their state law claims were somehow still "alive" in this court. As we explain, however, this assumption is erroneous.
 
 
 12
 The litigants in this case simultaneously filed actions in both the state and federal courts. Because the issues in each case were the same, the state action was postponed pending the outcome of the federal case. The district court, having original jurisdiction over the alleged section 1983 violations, initially decided to exercise its supplemental jurisdiction over the state law claims. In the course of ruling on cross motions for summary judgment, the district court ruled on both the federal and state matters. After disposing of the federal claims, however, the district court decided to decline the exercise of its supplemental jurisdiction over the state-law claims. Declining to take jurisdiction of the state-law claims renders inoperative any previous rulings on those claims. Therefore, the only issues before this court are those based on federal law, namely the district court rulings on the section 1983 claims. This was not a case that had been removed from the state court. The inadvertent use of the word "remand" in the order was obviously intended to "dismiss" those claims with the knowledge that the litigation of those claims could proceed in the parallel state action.
 
 III. CONCLUSION
 
 13
 Because we find that no genuine issues of material fact exist as to any of Bennett's section 1983 claims, we affirm the summary judgment granted by the district court on those issues. Because the district court relinquished its supplemental jurisdiction over the state law claims, its previous rulings on those claims are inoperative and are no longer subject to review in this court. The requests for attorneys' fees and sanctions are denied.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3