62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph E. LANE, Plaintiff-Appellant,
v.
Samuel LEWIS, Director Arizona State Prisons, Roger Crist,
Harold Whitley, Capt. Carrol, Lt. Meyers, and
Harry Van Dyke, Defendants-Appellees.
 No. 94-16298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph E. Lane, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Lane contends that the district court improperly dismissed his action because he had filed a timely motion for extension of time to file a second amended complaint. Lane's contention is misplaced, however, because the district court dismissed his action, in part, for failure to respond to defendants' motion to dismiss. See D. Ariz. R. 1.10(i) (failure to respond to motion may be construed as consent to granting the motion).
 
 
 4
 Because Lane had been warned that failure to respond to a motion to dismiss could result in the dismissal of his action pursuant to a local rule, and the local rule upon which the district court relied was permissive rather than mandatory, the district court did not abuse its discretion in dismissing Lane's action. See Ghazali v. Moram, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (holding that proper to dismiss complaint pursuant to local rule providing that failure to file responsive pleading "shall constitute a consent to the granting of the motion"), petition for cert. filed (Apr. 24, 1995); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994) (per curiam) (holding that proper to grant summary judgment pursuant to local rule providing that failure to file responsive pleading may be construed as consent to granting the motion).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision withoiut oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his reply brief, Lane explains that the response to the motion to dismiss was not filed because his legal assistant had been placed in administrative segregation. Because Lane presents this claim for the first time in his reply brief, we do not address the issue. Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir. 1980), cert. denied, 452 U.S. 961 (1981)