76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Chamberlain McGETTRICK, Plaintiff-Appellant,
v.
CITY OF TUCSON; Tucson Police Department; George F. Elias;
Couch; J. Kessler; Donovan Tatman; Daykin;
Hughes; J.W. Harris; K. Johnson;
Wixon; J.D. Kragnes,
Defendants-Appellees.
 No. 95-15996.
 United States Court of Appeals, Ninth Circuit.
 Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.*
 
 
 1
 MEMORANDUM**
 
 
 2
 John Chamberlain McGettrick, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of the City of Tucson and Tucson police officers in his civil rights action under 42 U.S.C. § 1983 claiming the officers used excessive force when they arrested him. McGettrick contends the district court erred by (1) denying his motion for appointment of counsel, (2) denying him leave to amend his complaint, (3) granting summary judgment on the ground that McGettrick failed to respond to the defendants' summary judgment motion, and (4) denying his motion to alter or amend the judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 First, the district court did not abuse its discretion in denying McGettrick's motion for appointment of counsel at government expense. See 28 U.S.C. § 1915(d); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (court must consider likelihood of success on merits and party's ability to articulate claims pro se in light of complexity of legal issues involved).
 
 
 4
 Second, McGettrick contends the district court erred by denying his second motion to amend his complaint because he complied with the district court's instruction, in its order denying his first motion to amend, and made specific allegations against Officers Allen and Rhind, the two proposed additional defendants. McGettrick argues that in its first order, the district court failed to warn him that his proposed amended complaint also was deficient because the two-year statute of limitations, Ariz.Rev.Code § 12-542, had expired as to Allen and Rhind. In its second order, the district court found that under Ariz.R.Civ.P. 51(c), Allen and Rhind had not received notice of the action within the two-year period plus the time allowed for service. That time period already had expired when McGettrick filed his first motion to amend. Also, in his second set of motion papers, McGettrick attempted to establish that his amended complaint related back to the date of his original complaint. Accordingly, the district court did not abuse its discretion by denying McGettrick leave to amend his complaint. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 5
 Third, McGettrick contends the district court erred by granting summary judgment pursuant to United States District Court for the District of Arizona Local Rule 1.10(i), which provides as follows: "if the opposing party does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of [a] motion and the Court may dispose of the motion summarily." We review for abuse of discretion the district court's grant of summary judgment pursuant to such a rule. See Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir.1994) (per curiam).
 
 
 6
 Here, when the defendants filed their motion for summary judgment, the district court ordered McGettrick to respond by February 6, 1995, and warned that his failure to respond could result in the motion being granted without further notice. On January 30, the district court denied McGettrick's motion for a two-week extension of time, but granted him a one-week extension until February 13. McGettrick filed his response on April 6, but the district court already had granted summary judgment on March 24.
 
 
 7
 McGettrick argues that in his motion for extension of time, he notified the district court of his intention to oppose the summary judgment motion and of his limited access to the prison law library. He argues that he diligently prosecuted the case, and on February 6 filed a motion to reconsider the denial of his motion to amend his complaint. In effect, McGettrick argues that his misjudgment of the seriousness of the district court's warning, and his decision to use his law library time to file the reconsideration motion rather than the summary judgment response, are not valid grounds for the district court's grant of summary judgment. Nonetheless, the defendants' papers were sufficient to support summary judgment. See Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993) (grant of summary judgment on basis of failure to oppose is abuse of discretion if movant's papers are insufficient). We find no abuse of discretion. See Brydges, 18 F.3d at 652-53.
 
 
 8
 Finally, the district court did not abuse its discretion by denying McGettrick's Fed.R.Civ.P. 59(e) motion to alter or amend the judgment on the basis of his limited law library access. See Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3