124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben KALKA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-17424.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Decided September 12, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-00050-WDB; William D. Browning, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDA*
 
 
 2
 Ben Kalka, a federal prisoner, appeals pro se the district court's order granting appellee's motion for summary judgment and dismissing his Bivens[1] action. Kalka also contends that the district court erred by denying his motion for extension of time in which to file a response to defendant's summary judgment motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. See Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir.1993) (per curiam).
 
 
 4
 A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id. (citations omitted).
 
 
 5
 Here, the district court warned Kalka that Local Rule 1.10(i) of the District of Arizona provides that if no responsive pleading is filed within thirty days of the date the motion for summary judgment was filed, "such non-compliance may be deemed a consent to the ... granting of the motion and the court may dispose of the motion summarily." See D. Ariz. R. 1.10(i).
 
 
 6
 Kalka contends that the district court erred by entering summary judgment for defendants because he had submitted a verified complaint, thus meeting the filing requirements of the local rule. We note, however, that even after filing his verified complaint, Kalka himself moved twice for extensions of time in which to file a response to defendant's motion for summary judgment, and failed to present his verified complaint as an opposition to defendant's motion for summary judgment. We conclude that Kalka has waived the argument that his verified complaint satisfied the requirements of the local rule.
 
 
 7
 We conclude that because Kalka was warned of the consequence of his failure to respond the appellee's summary judgment motion, and because Kalka offered an inadequate excuse for his failure to timely respond, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment. See Brydges, 18 F.3d at 653.[1]
 
 
 8
 Kalka also contends that the district court erred by denying his motion for extension of time. We review for abuse of discretion the district court's decision regarding enlargement of the time in which Kalka could file an opposition to defendant's summary judgment motion. See Kyle v. Campbell Soup Co., 28 F.3d 928, 930 (9th Cir.1994). Because Kalka filed his motion after the expiration of the period specified for filing his opposition, he must show his failure to file was the result of excusable neglect. See Fed.R.Civ.P. 6(b). Given Kalka's explanation that the late filing was the result of his need to attend to other lawsuits, and that a prison lockdown that prevented his access to the prison law library for "a period of days", we conclude that the district court did not abuse its discretion in denying Kalka's motion. See Kyle, 28 F.3d at 931.
 
 
 9
 Kalka's motions for extension of time to file briefs are denied as moot.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [1]
 In light of this conclusion, Kalka's argument that the court should have permitted further discovery is inapposite
 
 
 [2]
 We do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal