134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donna HAMM, in her capacity as a private citizen and in her
capacity as Director of Middle Ground Prison
Reform, Plaintiff-Appellant,
v.
Sam LEWIS, Director, Defendant-Appellee,
and
CORPORATION OF THE STATE OF ARIZONA, a sovereign entity;
Arizona Department of Corrections, an entity of the State of
Arizona; Pima County of Arizona, a political subdivision of
the State of Arizona; Pima County Sheriff's Department, an
administrative agency of Pima County; J. Decormis, Deputy;
Deputy Knight, sued in both his individual and official
capacity; Deputy Berlin, sued in both his individual and
official capacity, Defendants.
 No. 96-17093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donna Hamm appeals the district court's summary judgment for defendant Lewis in her 42 U.S.C. § 1983 action alleging violation of her constitutional rights. Hamm's action concerns two occasions when she observed and protested near the work sites of Arizona Department of Corrections' inmate chain gangs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hamm contends that the district court erred by construing her non-opposition to Lewis' motion for summary judgment as consent to the granting of the motion where the record created by Hamm in support of her motion for a preliminary injunction allegedly established genuine issues of material fact.
 
 
 4
 Where a "local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir.1994) (per curiam).[1] This discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir.1993); see also Brydges, 18 F.3d at 652.
 
 
 5
 Lewis' summary judgment motion established that there was no genuine issue of material fact concerning Lewis' alleged violation of Hamm's constitutional rights.[2] Accordingly, the district court did not err by entering summary judgment for defendants. See Brydges, 18 F.3d at 653.
 
 
 6
 We deny Lewis' motion for sanctions.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except at provided by 9th Cir. R. 36-3
 
 
 [1]
 The operative local rule is permissive, not mandatory. See D. Ariz. R. 1.10(i); see also Brydges, 18 F.3d at 653
 
 
 [2]
 Moreover, even considering the record created at the preliminary injunction hearing, Hamm failed to establish a genuine issue that defendant Lewis personally participated in the alleged violation of her constitutional rights or that the Department of Corrections had a custom or policy which violated her constitutional rights