139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kriska PETERS; David Peters; Roger Peters; Byron Peters,
all minors; Judy Buie, Guardian Ad Litem; Julie
Peters; Tabatha Peters, Plaintiffs-Appellants,
v.
COUNTY OF MENDOCINO; Mendocino County Sheriffs Department;
Dennis Miller, Deputy, Defendants-Appellees.
 No. 97-15553.
D.C. No. CV-95-04106-SBA.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Saundra B. Armstrong, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The heirs of decedent Leonard Peters appeal the district court's Fed.R.Civ.P. 41(b) dismissal for lack of prosecution of their 42 U.S .C. § 1983 action against the County of Mendocino, Mendocino County Sheriff's Department and Deputy Sheriff Dennis Miller for the wrongful death of Leonard Peters. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), and we affirm.
 
 
 3
 Peters' heirs contend that the district court abused its discretion by dismissing their action when they requested a fourth extension of time to file an opposition to defendants' summary judgment. This contention lacks merit.
 
 
 4
 The district court's decision should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See Ferdik, 963 F.2d at 1260 (citations and internal quotation marks omitted). The district court weighed all the relevant factors. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (setting forth factors for exercise of discretion). The district court's grant of three previous extensions and its warning of the consequences of failure to file an opposition were sufficient to satisfy the requirement that the district court consider less drastic alternatives than dismissal. See Ferdik, 963 F.2d at 1423; see also Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir.1994) (per curiam) (holding failure to file opposition after warning may be deemed consent to grant of summary judgment).[1] Accordingly, we cannot say the district court abused its discretion in dismissing the action under Fed.R.Civ.P. 41(b).
 
 
 5
 Because Peters' heirs never filed a Fed.R.Civ.P. 60(b) motion, we do not consider their contention that the district court abused its discretion in failing to grant such a motion.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide whether a grant of summary judgment was appropriate because the district court's ruling rested on its authority under Rule 41(b). See Henderson, 779 F.2d at 1423 (stating that district court has inherent power sua sponte to dismiss case for lack of prosecution)