Timothy Lee SMITH, Plaintiff–Appellant,

v.

Richard MORGAN; et al., Defendants–Appellees.

No. 00–35707.

D.C. No. CV–99–05432–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 20, 2001.

Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding.

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Timothy Lee Smith, a former Washington state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety in violation of the Eighth Amendment, denial of his procedural due process rights in violation of the Fourteenth Amendment, and interference with his right of access to the courts in violation of the First Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

As an initial matter, we note that Smith failed to comply with the magistrate judge's order to respond to the defendants' motion for summary judgment by June 8, 2000, despite the warning that non-opposition could be construed as consent to granting defendants' motion. Accordingly, the magistrate judge could have properly granted summary judgment on this ground alone. *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir.1994) (per curiam).

 Upon our review of Smith's verified complaint, his May 9, 2000, response to defendants' motion for summary judgment, and his June 27, 2000, objections to the magistrate judge's report and recommendation, however, we conclude that the district court properly granted summary judgment to defendants.

Smith failed to submit any evidence that defendants knew about and consciously disregarded a risk to his safety which led to his assault by another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Smith failed to submit evidence that the discipline he received as a result of correctional officers' alleged false disciplinary reports amounted to a significant and atypical deprivation which means he did not create a genuine issue that he had a liberty interest in avoiding the discipline imposed. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).[1] Smith failed to allege his access to the courts claim in his complaint; when he raised it during the course of litigation, he failed to provide evidence that prison officials' conduct caused an actual injury to a

non-frivolous habeas or § 1983 claim. *See Lewis v. Casey*, 518 U.S. 343, 353–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

We deny all pending motions.

AFFIRMED.

---

1. With respect to any loss of good-time credits, we note that any claims for damages or declaratory relief are precluded until the disciplinary sanctions have been voided and we construe dismissal of such claims as without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906

(1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

