**William O. NELSON, Plaintiff— Appellant,**

v.

**Edward HOFFMAN, Dr.; et al., Defendants—Appellees.**

No. 02–16464.

D.C. No. CV–00–0985–PMP.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

William O. Nelson, a Nevada state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifference to his serious medical needs by failing to either order or perform follow-up surgery to treat pre-existing injuries. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly found that D'Amico was entitled to qualified immunity because the evidence, viewed in the light most favorable to Nelson, did not show that D'Amico violated Nelson's constitutional rights by delaying or hindering Nelson's medical treatment. *See Billington v. Smith*, 292 F.3d 1177, 1183–84 (9th Cir. 2002); *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir.1992) (holding summary judgment proper where nothing in the record to demonstrates defendants delayed or hindered plaintiff's medical treatment), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997); *see also Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (concluding that a difference of opinion regarding medical treatment is insufficient to establish deliberate indifference). Although we cannot say, on this record, that there has been a constitutional violation, further delay in surgery or treatment of Nelson's arm can constitute deliberate indifference if the delay causes harm. *See Shapley v. Nevada Board of State Prison Commissioners* 766 F.2d 404, 407 (9th Cir.1985).

After weighing the relevant factors, we conclude that the district court did not abuse its discretion by deeming Nelson's failure to timely respond a consent to Hoffman's summary judgment motion under District of Nevada Local Rule 7–2(d). *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir.1994) (per curiam). Hoffman's papers established the absence of a genuine issue of material fact and Nelson had been warned of the consequences of failing to respond. *See id.* at 652–53.

We reject Nelson's unsupported contention that the district court should have treated his untimely motion for an extension of time to oppose summary judgment as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.