**David MOORE; Veronica Moore, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 05–16824.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Jan. 7, 2008.

William C. Callaham, Esq., Stanley P. Fleshman, Esq., Dreyer Babich Buccola & Callaham, LLP, Sacramento, CA, for Plaintiffs–Appellants.

David T. Shelledy, Esq., Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: ROTH *, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

David and Veronica Moore appeal the district court's grant of summary judgment in favor of the United States. We reverse. Because the parties are familiar with the factual and procedural history, we will not recount it here.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Although the district court had the authority to grant summary judgment without considering the merits, *Brydges v. Lewis,* 18 F.3d 651, 653 (9th Cir.1994) (per curiam) ("because Brydges was warned of the consequence of his failure to respond to the appellees' summary judgment motion, the district court did not err by deeming his failure to respond a consent to the motion for summary judgment"), the district court erred in denying the Moores' motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). When an attorney has "virtually abandoned his client," by failing to defend the client in defiance of court orders, the client has satisfied the "extraordinary circumstances" requirement of Rule 60(b)(6). *Cmty. Dental Services v. Tani,* 282 F.3d 1164, 1170–71 (9th Cir.2002). Here, the attorney "virtually abandoned" the Moores in failing to respond to the motion for summary judgment, even after being warned that such an omission would result in a summary grant of the motion. While his original non-responsiveness may be considered ordinary negligence, by not responding to the motion after learning about it on May 31st—even though the district court gave him until June 8th—the attorney abandoned his advocacy of the Moores' cause and crossed the line into the "gross negligence" we described in *Tani. Id.* at 1169. Because the attorney's actions amounted to gross negligence, the district court erred in denying relief under Rule 60(b)(6).

**REVERSED and REMANDED.**

BEA, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's holding affirming the grant of defendant's unopposed motion for summary judgment. I part ways with the majority, however, in its reversal of the district court's denial of plaintiffs' motion for relief from judgment. We review a denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Fantasyland Video, Inc. v. County of San Diego,* 505 F.3d 996, 1005 (9th Cir.2007). The majority fails to grant the trial court's ruling the deference the abuse of discretion standard requires.

The majority contends the district court "erred" by failing to hold that, under our decision in *Community Dental Services v. Tani,* 282 F.3d 1164 (9th Cir.2002), plaintiffs have demonstrated "extraordinary circumstances which prevented or rendered [them] unable to prosecute" their case, entitling them to relief under Rule 60(b)(6)'s catch-all provision. *Id.* at 1168 (citation omitted). Yet, plaintiffs never argued in the district court they were entitled to relief under subsection (b)(6); indeed, they do not do so here. The only people who so argue are the majority, and as an original proposition on appeal.

Appellants certainly never argued their counsel's conduct was grossly negligent such that counsel "virtually abandoned" them. *See id.* at 1170. Quite the opposite: plaintiffs always contended their failure to oppose the motion was the result of "mistake, inadvertence, surprise, [and] *excusable* neglect" under Rule 60(b)(1) (emphasis added). Moreover, although counsel's failure to file an opposition to defendant's motion for summary judgment is inexcusable, the circumstances here are not so similar to *Tani* that the district court abused its discretion by failing to conclude plaintiffs' counsel "virtually abandoned" the plaintiffs.

We cannot say the district court abused its discretion in failing to adopt an argument plaintiffs never made, nor should we reverse a district court based on an argument that has been waived on appeal. Accordingly, I would affirm the district

court's order denying plaintiffs' motion for relief from judgment.