Elizabeth **BELLUS**, Plaintiff–Appellant,

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 95–17315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1997.

Decided Sept. 22, 1997.

Richard A. Foster, Salinas, CA, for plaintiff-appellant.

Thomas J. Clark, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: FLETCHER, BOOCHEVER and REINHARDT, Circuit Judges.

PER CURIAM.

Elizabeth Bellus appeals a grant of summary judgment in favor of the government in her suit for a refund of employment taxes. At issue are the validity of assessments for Social Security (FICA) and withholding taxes for periods ending June 30, 1989 and September 30, 1989; and for federal unemployment taxes (FUTA) for the period ending December 31, 1989 (collectively "employment taxes").

Bellus, as a sole proprietor, owned and operated Light Rail Manufacturing, which made plastic bags and containers. On May 30, 1989, she filed a petition for relief under Chapter 11 of the Bankruptcy Code. Commencing on that date she operated Light Rail as a debtor in possession. On August 21, 1989, Bellus' Chapter 11 reorganization was converted to a Chapter 7 liquidation and Light Rail ceased business operations. No wages were paid following the conversion. Bellus was released from all dischargeable debts on December 29, 1989.

In 1991, the IRS made assessments against Bellus for FICA taxes for the quarters ended June 30, 1989, and September 30, 1989 for $17,047.39 and $11,143.14 respectively. In 1992, the IRS made an additional assessment against Bellus for FUTA taxes for $2,205.26. In June or July of 1992, Bellus made three payments of $250 each against these assessments, and in April 1993 she filed a suit for refund in the District Court.

Bellus filed a motion for summary judgment on the grounds that she was not the employer during the periods for which the taxes were assessed and was not responsible for the unpaid employment taxes of Light Rail. The government filed a cross-motion for partial summary judgment with respect to the tax quarter ending June 30, 1989. The district court granted summary judgment to the government, holding that Bellus was the employer who had legal control over the payment of wages during the period in question (the second quarter taxes) and was therefore liable for the payment of employment taxes on those wages. The court also held that Bellus was liable for the employment taxes incurred while she was debtor in possession (the third quarter taxes and the FUTA assessment) because she filed her Chapter 11 case as an individual and sole proprietor of Light Rail. Subsequently, the government filed for summary judgment requesting that the court hold that Bellus is liable for the unpaid employment taxes for the quarter ending September 30, 1989, and for the unpaid FUTA taxes for the year ending December 31, 1989. The court granted the motion. On July 12, 1995, Bellus made a motion for reconsideration of the 1993 Order denying her motion for summary judgment. This order was denied.

■ We review a grant of summary judgment de novo. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* The district court's denial of a motion for reconsideration is reviewed for an abuse of discretion. *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.,* 84 F.3d 1186, 1192 (9th Cir. 1996). We have jurisdiction, 28 U.S.C. § 1291, and we affirm the district court's holding that Bellus is liable for the pre-petition employment taxes but reverse its holding that Bellus is liable for the post-petition employment taxes. We therefore remand for a determination of Bellus' liability by apportioning the taxes attributable to pre-petition and post-petition wages.

## DISCUSSION

### A. Liability for Pre–Petition Taxes

■ Bellus argues that she is not liable for the employment taxes at issue because they were incurred when they were due (post-petition), and not when the relevant wages were actually paid (pre-petition).

■ We reject Bellus' argument that employment taxes are incurred when they are due. Employment taxes are incurred when the relevant wages are paid, making Bellus liable for those wages paid during the quarter ending June 30, 1989, but before May 30, 1989, when her bankruptcy petition was filed.

In *Towers v. United States (In re Pacific–Atlantic Trading Co.)*, 64 F.3d 1292, 1299–1300 (9th Cir.1995), we concluded that income taxes are incurred on the last day of the taxable period for the purposes of the Bankruptcy Code by looking to the legislative history of the Bankruptcy Reform Act of 1978. In *Pacific–Atlantic Trading Co.*, we quoted the legislative history as indicating Congress' intent that "the payment of wages . . . is to be considered 'incurred' on the date of the transaction or event." *Id.* at 1300 (quoting from 124 Cong. Rec. 32,416 (Sept. 28, 1978) (statement of Rep. Edwards); 124 Cong. Rec. 34,016 (Oct. 5, 1978) (statement of Rep. DeConcini)). By the reasoning of the *Pacific–Atlantic* court, then, employment taxes are incurred when the payment of wages is made. *See also Marvel v. United States*, 719 F.2d 1507, 1514 (10th Cir.1983) (liability for employment taxes arises by virtue of the statutory duties that are imposed on the employer to collect and pay over the taxes, no notice of deficiency or assessment need be given).

For non-bankruptcy purposes, the courts have held that income tax withholding and FICA tax liabilities are incurred when the wages are paid. *Olsen v. United States*, 952 F.2d 236, 238 (8th Cir.1991). *Cf., BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544–45, 114 S.Ct. 1757, 1764–65, 128 L.Ed.2d 556 (1994) (when Congress has not altered non-bankruptcy law in enacting bankruptcy legislation, nonbankruptcy law is presumed to apply).

Bellus' reliance on *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) and 26 U.S.C. § 6151 of the Tax Code are misplaced. *Nicholas*, decided under the old Bankruptcy Code, held that the trustee was liable for a penalty for failure to file returns covering employment and excise taxes on wages paid and transactions *occurring during* the superseded Chapter 11 proceeding. *Id.* at 692–95, 86 S.Ct. at 1684–86. It does not speak to when the tax liability was incurred, only to where the responsibility lay for filing the subsequent return. Section 6151 provides that a tax must generally be satisfied by the due date of the return-which again states when payments are due, not when liabilities are incurred.

In short, liability for the employment taxes was incurred when the wages from which they should have been withheld were paid and therefore some of the liability was incurred prior to the filing of the Chapter 11 petition.

B. Liability for Post–Petition Taxes

■ The district court, adopting the argument made by the government below, held Bellus personally liable for post-petition employment taxes because it concluded that she was not a separate taxable entity as debtor in possession. Both Bellus and the government now agree that the district court erred in finding Bellus personally liable for the taxes incurred *after* the bankruptcy petition was filed-which would be for wages paid between May 30, 1989 and August 21, 1989.

We agree that Bellus is not liable for post-petition employment taxes. Section 1107 of the Bankruptcy Code provides that a debtor in possession shall generally have the rights and powers, and shall perform the functions and duties, of a trustee serving in a case under Chapter 11. *See also In re March*, 995 F.2d 32, 34 (4th Cir.1993) (debtor in possession operates the estate in a fiduciary capacity). In *United States v. Friendship College, Inc.*, 737 F.2d 430, 431–32 (4th Cir. 1984), the Fourth Circuit concluded that FICA taxes withheld by a bankrupt employer from its employees' wages, but never paid to the IRS, and the penalties and interests associated with them, were payable as an administrative expense and therefore were to be paid from the bankruptcy estate before all other unsecured claims. The fact that the post-petition bankruptcy estate was being administered by the debtor in possession, rather than by a trustee, was not dispositive because "[t]he statute [§ 503(b)(1)(B)(i) ] cannot have been intended to apply differently according to whether an appointed trustee,

or the debtor in possession, was administering the estate during reorganization." *Id.* at 432. *See also In re ABA Recovery Service, Inc.,* 110 B.R. 484, 485 (Bkrtcy.S.D.Cal.1990) (debtor in possession incurred liability for the estate for unpaid federal employment taxes during Chapter 11 proceedings).[1]

### CONCLUSION

We affirm the district court's holding that Bellus is liable for the pre-petition employment taxes, but reverse its holding that Bellus is liable for the post-petition employment taxes. Accordingly, we remand for a determination of Bellus' liability to be made by apportioning the taxes attributable to pre-petition and post-petition wages.

AFFIRMED IN PART; REVERSED IN PART.

---

**1.** Because we conclude that Bellus is not liable for employment taxes incurred post-petition, we do not address her argument that Kenneth Wooler was the "employer" liable for employment taxes between June 16, 1989 and August 21, 1989.