**Gattis JOHNSON and Ruth Hiss,
Plaintiffs–Appellants,**

v.

**ITT INDUSTRIES, INC.,
Defendant–Appellee.**

**No. 01–55539.
D.C. No. CV–99–00554 (AHS).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided July 2, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,[*] District Judge.

MEMORANDUM [**]

Plaintiffs Gattis Johnson and Ruth Hiss appeal the district court's grant of sum-

---

[*] Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mary judgment in favor of ITT Industries on their claims for race discrimination, sex discrimination, retaliation, wrongful termination, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *see Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), *cert. denied*, ––– U.S. –––, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002), the district court's denial of a motion for time extension for an abuse of discretion, *see Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir.1994), and the district court's denial of a motion for reconsideration for an abuse of discretion, *see Bellus v. United States*, 125 F.3d 821, 822 (9th Cir.1997) (per curiam). We affirm.

Plaintiffs argue that the district court abused its discretion by not allowing them additional time to file their opposition to Defendant's motion for summary judgment. Plaintiffs waited until the day their opposition was due to file their ex parte motion for an extension. In addition, Plaintiffs failed to justify the continuance, pursuant to Federal Rule of Civil Procedure 56(f), by specifically stating how additional discovery would preclude summary judgment. Plaintiffs' motion for reconsideration relied on information known to them at the time the extension was denied and was, therefore, improper under the local rules. *See* C.D. Cal. Local Civ. R. 7.16 (renumbered 2001). Based on the information before it, the district court did not abuse its discretion in denying either Plaintiffs' motion for an extension of time or their motion for reconsideration.

Plaintiffs also contend that the district court erred in granting summary judgment in favor of ITT Industries. Sum-

mary judgment was appropriate on Plaintiffs' discrimination claims because, once the management at ITT identified the harasser with a sufficient degree of certainty, they initiated action which was successful in ending the harassment. *See Ellison v. Brady*, 924 F.2d 872, 881–82 (9th Cir.1991) (employers must attempt remedies reasonably calculated to end the harassment). The district court also correctly granted summary judgment in favor of ITT on Plaintiffs' claims arising from the termination of their employment. The mere presence of the harasser, after his return from a suspension, did not create a hostile work environment from the perspective of a reasonable person because no additional incidents occurred. *See id.* at 883 & n. 19. Therefore, Plaintiffs failed to raise a genuine issue of material fact regarding their constructive discharge claim by showing that a reasonable person in their position would have felt they were forced to quit because of intolerable and discriminatory working conditions. *See Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir.2000). Accordingly, the district court properly granted summary judgment in favor of ITT Industries.

AFFIRMED.

GRABER, Circuit Judge, concurring in part and dissenting in part.

I concur except with respect to the claim for constructive discharge. In my opinion, the record contains a genuine issue of material fact as to whether a reasonable person in Plaintiffs' position would have felt forced to quit when the harasser returned to the workplace, in view of the severity and duration of the harassment. In *Ellison v. Brady*, 924 F.2d 872 (9th Cir.1991), we said:

We believe that *in some cases the mere presence of an employee who has engaged in particularly severe or perva-*

*sive harassment can create a hostile work environment. To avoid liability under Title VII for failing to remedy a hostile environment, employers may even have to remove employees from the workplace if their mere presence would render the working environment hostile.*[19] Once again, we examine whether the mere presence of a harasser would create a hostile environment from the perspective of a reasonable woman.

*Id.* at 883 & n. 19 (emphasis added) (citation omitted). We also returned that case to the district court to develop the *facts,* recognizing that the inquiry is fact-intensive. *Id.* at 883. *Ellison* simply does not support the proposition that as a matter of law, "[t]he mere presence of the harasser, after his return from suspension, did not create a hostile work environment from the perspective of a reasonable person because no additional incidents occurred," Majority Mem. at 3.

It also is important in this case that one reason *why* no additional incidents occurred was that Plaintiffs left because their harasser returned. The reasonableness of that act is, on this record, a question of fact.

For these reasons, I would reverse with respect to the constructive discharge claim but, otherwise, affirm.

---

19. If harassers are not removed from the workplace when their mere presence creates a hostile environment, employers have not fully remedied the harassment. When employers cannot schedule harassers to work at another location or during different hours, employers may have to dismiss employees whose mere presence creates a hostile work environment. We acknowledge that in rare instances dismissal may be necessary when harassers did not realize their conduct was unlawful. However, we think that only in very, very few cases will harassers be unaware that their conduct is unlawful when that conduct is so serious that a reasonable victim would thereafter consider the harasser's mere presence sexual harassment. In those few instances, we think it only proper to conclude that the harasser should have known that his or her conduct was unlawful. In order to avoid the loss of well-intentioned productive employees, employers must educate and sensitize their workforce.