Raymond Chiman YOUNG; et al., Plaintiffs—Appellants,

v.

JTB CORPORATION; et al., Defendants—Appellees.

No. 02–17235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 17, 2003.

Raymond Chiman Young, pro se, Philip Lau, pro se, Bruce Shin, pro se, Honolulu, HI, for Plaintiffs–Appellants.

Michael David Hong, Esq., David A. Kwock, Esq., Hong & Kwock, Burnham H. Greeley, Esq., Chun, Kerr, Dodd, Beaman & Wong, Laura Anderson, Torkildson, Katz, Fonseca, Ronald I. Heller, Torkildson, Katz, Fonseca, Jaffe, Moore & Hetherington, Honolulu, HI, for Defendants–Appellees.

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Honolulu Taxi Drivers Raymond Chiman Young, Philip Lau, and Bruce Shin appeal from the district court's denial of reconsideration of its Fed.R.Civ.P. 12(c) dismissal of their complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We review a dismissal on the pleadings de novo. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir.1989). We review a district court's refusal to grant a motion for reconsideration of dismissal under Fed.R.Civ.P. 59(e) for abuse of discretion. Bellus v. United States, 125 F.3d 821, 822 (9th Cir.1997).

## I

■ The district court did not err in holding that it is lawful under Hawaii law to charge taxicab customers a flat rate rather than a metered rate. The plain language of Honolulu's Taxicab Ordinance, Revised Ordinance of Honolulu Chapter 12, Article I, expressly permits both drivers and taxi companies to offer fares to passengers at less than the metered rate. See ROH § 12–1.10(c)(4). Furthermore, Taxi Ordinance § 12–1.4(e) expressly permits payments of "legitimate commissions to tour and travel companies" such as Defendant JTB Corporation, and it also permits payment of such commissions to taxi companies. R.O.H. § 12–1.4(e). Thus, the district court did not err in concluding that, under Hawaii law, Charley's Taxi Radio Dispatch Corp. ("Charley's Taxi") had a legal basis both to provide discounted fares, and to charge the commission.

## II

■ The district court did not err in granting judgment against the Plaintiffs on their claims pursuant to the Hobbs Act, 18 U.S.C. § 1951(b)(2). As an initial matter, we note that the Defendants have connections to interstate and international tourism that are sufficient to meet the de minimis level of interstate commerce required for us to exercise jurisdiction over extortion claims under the Hobbs Act. See U.S. v. Atcheson, 94 F.3d 1237, 1243 (9th Cir.1996).

The Hobbs Act makes it a crime to interfere with commerce by use of extortion. See 18 U.S.C. § 1951(a). "'[E]xtortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). In this case, it is undisputed that the acts in question were the result of a contractual relationship between Charley's Taxi and the Plaintiffs. Given that the contractual terms

---

have been determined to be lawful under Hawaii law, and that the actions of Charley's Taxi were under a claim of right, not force or fear, the extortion claim is not legally viable.

Because Plaintiffs have made insufficient allegations of the predicate racketeering act of extortion, under 18 U.S.C. § 1951, their claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 are also legally deficient.

## III

The Plaintiffs contend that the interest rates charged by Charley's Taxi were usurious, another alleged violation of RICO. The rate of interest one can lawfully charge under applicable federal and state law depends in part on whether any commissions or rates of interest were stipulated in written agreements between the parties. *See* 18 U.S.C. § 1961(6) and 18 U.S.C. § 1962(b); Hawaii Revised Statutes §§ 478–2, 478–4. Defendants claim that there were such written contracts; Plaintiffs claim that there were not. Unfortunately, the written agreements were not part of the district court record. Normally, this factual dispute would require a remand to determine the issue. However, to resolve the issue without the necessity of a remand to the district court, we ordered the parties to supplement the record pursuant to Fed. R.App. P. 10(e). Having now reviewed the supplemental material, we conclude that the district court did not err in granting judgment against the Plaintiffs on this claim.

The judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts