Steve **MUELLER**, Plaintiff–Appellant,

v.

**COUNTY OF LOS ANGELES**,
Defendant–Appellee.

No. 06–55564.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Jan. 9, 2008.

Steven H. Haney, Esq., Haney Buchanan & Patterson, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Julie M. Fleming, Esq., Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Steve Mueller, a Los Angeles County firefighter, appeals the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's grant of summary judgment to Defendant–Appellee, the County of Los Angeles ("the County"), in his 42 U.S.C. § 1983 action alleging violations of his Fourteenth Amendment and First Amendment rights. He also appeals the district court's denial of his application for a continuance of the summary judgment hearing pursuant to Federal Rule of Civil Procedure 56(f), and the district court's denial of his ex parte application for reconsideration of its denial of the Rule 56(f) application. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. § 1983 *Monell* Claims

We review de novo a district court's decision to grant summary judgment. *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). Viewing the evidence in the light most favorable to Mueller, we conclude that the district court did not err in granting summary judgment for the County. *See United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall,* 355 F.3d 1140, 1144 (9th Cir.2004).

To survive summary judgment on his § 1983 claims, Mueller must demonstrate that there is a genuine issue of material fact as to whether he has been deprived of a constitutional right and the County should be held liable for such deprivations. *See Sweaney v. Ada County,* 119 F.3d 1385, 1391–92 (9th Cir.1997); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish the County's liability under *Monell,* Mueller must show either that his constitutional rights were violated pursuant to a policy, practice, or custom of the County, or that the County had a policy of inaction and such inaction amounted to a deliberate indifference to Mueller's constitutional rights. *Monell,* 436 U.S. at 694, 98 S.Ct. 2018; *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Although Mueller does not identify with precision the County policy, practice, or custom that meets the standard set forth by *Monell,* he appears to argue that the County had a policy of allowing supervisors to harass firefighters and a policy of indifference to firefighters' claims of harassment. The evidence Mueller presented to the district court, however, was insufficient to create a genuine issue of material fact as to whether the County maintained such policies. Because we conclude that Mueller did not establish a basis for the County's liability under *Monell,* we need not address whether Mueller provided sufficient evidence to create a genuine issue of material fact regarding the alleged violations of his constitutional rights.

## II. Denial of Rule 56(f) Application

Mueller next argues that the district court abused its discretion when it denied his Rule 56(f) application to continue the summary judgment hearing. We review for abuse of discretion the denial of a Rule 56(f) application. *See Tatum v. City and County of San Francisco,* 441 F.3d 1090, 1100 (9th Cir.2006). A district court abuses its discretion where the moving party diligently pursued its discovery opportunities, and where the moving party can point to the existence of additional evidence and demonstrate how the additional discovery would preclude summary judgment. *See Chance v. Pac–Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

Mueller did not comply with the requirements of Rule 56(f). In his supporting affidavit, Mueller failed to identify the specific facts that he sought to discover and to explain why those facts would preclude summary judgment. *See Tatum,* 441 F.3d at 1100. In light of Mueller's inadequate showing, the district court did not abuse its discretion in denying Mueller's Rule 56(f) application.

Mueller also argues that the district court abused its discretion when it denied his ex parte application for reconsideration of its denial of his Rule 56(f) motion. We review for abuse of discretion the district court's denial of an application for reconsideration. *Bellus v. United States,* 125 F.3d 821, 822 (9th Cir.1997).

We have recognized three justifications for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to prevent manifest injustice. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir.2003). The party requesting reconsideration may not raise arguments or evidence that could have been raised before the court's initial ruling.

*Kona Enters. Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000); *see also* C.D. Cal. Local Civ. R. 7–18. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation,* 331 F.3d at 1046.

 Mueller did not establish that any of the grounds for reconsideration applied to him, and he improperly attempted to present evidence and arguments available to him at the time of his initial Rule 56(f) application. In light of these circumstances, the district court did not abuse its discretion in denying Mueller's application for reconsideration.[1]

**AFFIRMED.**

---

1. Appellant's request for judicial notice filed December 13, 2007, is denied as moot.